■ J. P. WARFEL et al., Doing Business as J. P. WARFEL AND CO., Appellants, v. F. JOHN GANNON, Respondent.— This is an appeal by the plaintiffs-appellants from the verdict of a jury in Saratoga County Court returned in favor of the defendant-respondent on a counterclaim. A judgment for $380 with interest, the difference between the two claims, was entered by the respondent. The appellants, who were livestock commission agents at Lancaster, Pennsylvania, commenced an action against the respondent, a livestock dealer, to recover $1,141 for cattle sold to him on July 19, 1954. Respondent in his answer denied nonpayment only and interposed a counterclaim arising out of another transaction between parties for $1,521 being $380 in excess of the amount demanded in appellants' complaint. The counterclaim was for an unpaid balance alleged to be owed by appellants to respondent arising out of a transaction commencing June 8, 1954 involving the purchase of some pigs. The appellants appeared only by their attorney at the trial and rested on their pleadings. The respondent was a roving livestock dealer. He would buy cattle or pigs, etc., and sell them to commission agents such as appellants, who would in turn sell them. According to the evidence he had dealt with appellants for several years, and on June 8, 1954 he was en route south on his business. He called Mr. Warfel, one of the appellants at his Lancaster

office from Maryland, and asked him what he needed. Warfel told him he wanted a trailer of feeder pigs. On Sunday, June 13, 1954 respondent brought a load of pigs to the Lancaster stockyards. The usual procedure was for respondent to deliver the livestock to a stockyard where appellants' agents would accept them and make a partial payment. The payment was generally by appellants' check. Respondent had in the past dealt with appellants' salesmen including one Charles Myers who accepted the pigs, on this occasion. Part of the pigs were delivered to the New Holland stockyard nearby. At the New Holland yards Myers instructed an attendant to " Put them in Warfel's name. Charge them to Mr. Warfel." At the time of partial payment Myers gave respondent his personal check for $2,215 rather than appellants', saying that appellants' office was closed but they would put the money in his account the next day. Before leaving the yards a farmer came up and offered to buy 25 of the pigs. Myers told the purchaser to " pay Jake (or Mr. Warfel) in the morning." Respondent deposited Myers' check but same was returned marked " Insufficient funds." He testified that he tried to collect the account directly from Myers, " because he was working for Mr. Warfel and I didn't want him to lose his job." Myers eventually paid $700 and his father $250. The testimony of the transaction was in part corroborated by a Robert Morin who was with respondent. There was, of course, no testimony by appellants. The court charged the jury after reviewing the evidence that in order to find a verdict for the respondent they must find that Myers was the agent of appellants. There was no exception or objections to the charge. In our view on this record the verdict of the jury was not against the weight of the evidence. The question of whether Myers was acting as appellants' agent was submitted to them as a question of fact and there was ample evidence to sustain their finding. There was no significant error in the trial. Judgment unanimously affirmed, with costs to the respondent. Present— Bergan, J. P., Coon, Gibson, Herlihy and Reynolds, JJ.